PIEKARSKI & BRELSFORD, P.C.
2633 E Indian School Rd., Ste. 460
Phoenix AZ 85016
Phone: (602) 956-1161
Fax: (480) 247-4383
Christopher J. Piekarski, AB# 019251
Nathan J. Brelsford, AB# 024853
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **MONIQUE CLARK**, an unmarried woman,<br><br>  Plaintiff,<br><br>vs.<br><br>**AIRES L.L.C.**, an Arizona Corporation duly licensed to do business in the State of Arizona; **JOHN DOES 1-5**; **JANE DOES 1-5**; and **ABC CORPORATIONS 1-5**,<br><br>  Defendants. | Case No.:<br><br>COMPLAINT<br><br>UNPAID OVERTIME; UNPAID WAGES |

Plaintiff, by and through his undersigned counsel, submits the following claims:

**I.**

**JURISDICTION AND VENUE**

1. Plaintiff is a resident of Maricopa County, Arizona.

2. Defendant AIRES L.L.C. is an Arizona Corporation duly licensed to do business within the State of Arizona with its principle place of business located within Maricopa County, Arizona.

3. Defendants JOHN DOES 1-5, JANE DOES 1-5 and ABC CORPORATIONS 1-5 are persons or entities that may be liable to Plaintiff whose true identities are presently not known to Plaintiff. Plaintiff reserves the right to amend his complaint to set forth the true names of these persons or entities when they become known to him.

4. All relevant activities took place within Maricopa County, Arizona.

5. This Court has jurisdiction over this matter pursuant to 29 U.S.C. 201 et seq. and 13 U.S.C. 1367.

## II.

## FACTUAL BACKGROUND

6. Plaintiff began her employment with the Defendant on January 11, 2010.

7. Plaintiff was employed as a "Program Manager."

8. From January 11, 2010 until her last day of employment on July 28, 2010 the Plaintiff's rate of pay was $12.50 (twelve and 50/100 dollars) per hour.

9. At all times during her employment with the Defendant, Plaintiff remained "non-exempt" under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, requiring that she be paid time-and-one-half of his hourly rate for all hours over forty (40) per week.

10. During her employment with the Defendant, Plaintiff typically worked between fifty (50) and seventy (70) hours each week.

11. During this period, Plaintiff was never paid time-and-one-half times her hourly rate for all hours over forty (40) per week.

## III.

## COUNT ONE

## (UNPAID OVERTIME)

12. All of the preceding paragraphs are incorporated herein by reference.

13. Plaintiff was employed by the Defendant as a program manager.

14. Plaintiff's job duties were primarily custodial in nature and consisted of assisting group home residents in daily life activities, making appointments for the residents, filing necessary paperwork, facility maintenance and maintaining files on group homes.

15. Plaintiff typically worked between fifty (50) and seventy (70) hours each week.

16. Plaintiff was never paid one-and-one-half times her hourly rate for hours worked in excess of forty hours per week.

17. Plaintiff was paid twice per month at the fixed rate of $1,083.33 (One thousand eighty three and 33/100) regardless of the actual number of hours worked and substantially less than one and one half times his hourly rate as required by federal law.

18. By the acts and conduct set forth above, the Defendant has violated the Fair Labor Standards Act, 29 U.S.C. 255.

19. The conduct of the Defendant was willful as defined by the Fair Labor Standards Act, 29 U.S.C. 255.

## IV.

## COUNT TWO

## (UNPAID WAGES)

28. All of the preceding paragraphs are incorporated herein by reference.

29. Plaintiff, in accordance with the Defendant's policy, submitted time sheets reflecting hours worked on a weekly basis.

30. The Defendant would routinely fail to pay the plaintiff for all hours actually worked as reflected on her time sheets.

31. The Defendant often failed to pay the Plaintiff at the end of each pay period as prescribed by its own policy as well as state and federal statutes.

32. The reduction of hours constitutes a failure to pay wages under Arizona Revised Statue §23-355, for which the Plaintiff is entitled to treble damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For damages pursuant to Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* in an amount to be proven at trial;

2. For damages pursuant to the Arizona Wage Statute, Arizona Revised Statue §23-355, in an amount to be proven at trial;

3. For the Plaintiff's reasonable attorney's fees and costs in bringing this matter; and

4. For such other relief as the Court may deem just and proper.

RESPECTFULLY Submitted this 27th day of January, 2011.

                          PIEKARSKI & BRELSFORD, P.C.

                    By: /s/ Christopher J. Piekarski
                        Christopher J. Piekarski
                        2633 E Indian School Road
                        Suite 460
                        Phoenix, AZ 85016
                        Attorney for Plaintiff