1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Monique Clark, an unmarried woman, | ) No. CV 11-0183-PHX-JAT |
|---|---|
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| AIRES, LLC, an Arizona corporation duly licensed to do business in the State of Arizona, | ) |
| Defendant. | ) |

Pending before the Court is a joint motion to seal a settlement agreement entered into between the parties. (Doc. # 14.) In connection with the pending motion, the parties have also lodged, under seal, the Settlement Agreement (Doc. # 16), as well as filed a Joint Motion for Approval of Settlement and Stipulation for Dismissal with Prejudice (Doc. # 17).

In the context of suits brought directly by employees against their employer to recover back wages for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the parties must present any proposed settlement to the district court, and the Court may enter a stipulated judgment after scrutinizing the settlement for fairness. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing 29 U.S.C. § 216); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945) (requiring court or Department of Labor approval for FLSA settlements, and explaining the deferential

1 standard for judicial review when the parties are represented by counsel). Because this case
2 has been brought under FLSA for to recover back wages, the parties seek judicial approval
3 of the settlement prior to entering judgment in this action. The parties also seek an *in camera*
4 review of the Settlement Agreement.

5 The Ninth Circuit Court of Appeals strongly disfavors filing under seal, and requires
6 the parties to show good cause to seal a non-dispositive filing, and compelling reasons to seal
7 dispositive motions and related materials. *Kamakana v. City and County of Honolulu*, 447
8 F.3d 1172, 1179–80 (9th Cir. 2006). Unlike private materials unearthed during discovery,
9 judicial records are public documents almost by definition, and the public is entitled to access
10 by default. *Id.* at 1180 (citing *Nixon w. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

11 The Joint Motion for Approval of Settlement and Stipulation for Dismissal with
12 Prejudice (Dkt. 17) is akin to a dispositive filing, and, therefore, subject to the *compelling*
13 *reasons* showing. *See e.g.*, *White v. Sabatino*, Nos. 04-0500 ACK/LEK & 05-0025
14 ACK/LEK, 2007 WL 2750604, at *2 (D. Haw. Sept. 17, 2007) (discussing the
15 dispositive/non-dispositive distinction in connection with settlement agreements).

16 As the United State Supreme Court noted in *Nixon v. Warner Communications*, the
17 right to inspect judicial records is not absolute and certain exceptions are recognized. A
18 court has the power to insure that its records are not used to gratify private spite or promote
19 public scandal, to serve as reservoirs of libelous statements, or as sources of business
20 information, such as trade secrets. *Nixon*, 435 U.S. at 598.

21 The parties' motion does not address the compelling reasons standard for sealing
22 documents. This deficiency is significant, "because there is a strong presumption in favor
23 of keeping the settlement agreements in FLSA wage-settlement cases unsealed and available
24 for public view." *Taylor v. AFS Tech., Inc.*, No. CV-09-2567-PHX-DGC, 2010 WL
25 2079750, at *2 (D. Ariz. May 24, 2010) (quoting *Prater v. Commerce Equities Mgmt. Co.*,
26 No. H-07-2349, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008)). Here, Plaintiff argues
27 that filing the Settlement Agreement under seal is necessary, because the Settlement
28 Agreement contains confidential information and is protected by Rule 408 of the Federal

1 Rules of Evidence. (Doc. # 14.) A confidentiality provision is an insufficient interest to
2 overcome the presumption that an approved FLSA settlement agreement is a public judicial
3 record. Further, Rule 408 pertains to the admissibility of the evidence of compromise; it does
4 not pertain to the filing of documents under seal. The parties do not cite any other authority
5 for filing the Settlement Agreement under seal, and they have not shown that the entirety of
6 the Settlement Agreement is confidential.

7 Under the *Kamakana* compelling reasons standard, the Court does not find any reason,
8 compelling or otherwise, requiring the Settlement Agreement or any portion thereof to be
9 filed under seal.

10 Accordingly,

11 **IT IS HEREBY ORDERED** that the Joint Motion to Seal Exhibit (Doc. # 14) is
12 **DENIED** without prejudice.

13 **IT IS FURTHER ORDERED** that the Settlement Agreement (Doc. # 16), shall
14 remain under seal, but be stricken from the record.

15 **IT IS FURTHER ORDERED** that, consistent with Local Rule 5.6(e), the parties
16 shall have **seven days** from the date of this Order either to: (1) resubmit the Settlement
17 Agreement for filing in the public record; or (2) file a motion to seal, with citation to legal
18 authority, demonstrating the compelling reason for sealing the Settlement Agreement
19 consistent with the standard set forth in *Kamakana*.

20 DATED this 14th day of June, 2011.

James A. Teilborg
United States District Judge

- 3 -