# Exhibit A

QB\2868348.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MONIQUE CLARK, an unmarried woman<br><br>Plaintiff,<br>vs.<br>AIRES, LLC, an Arizona corporation duly licensed to do business in the State of Arizona; JOHN DOES 1-5; JANE DOES 1-5; and ABC CORPORATIONS 1-5,<br><br>Defendants. | NO. 2:11-CV-00183-JAT<br><br>**SETTLEMENT AGREEMENT AND RELEASE** |

Plaintiff Monique Clark ("Clark") and Defendant AIRES, LLC ("AIRES") enter into the following agreement to settle this lawsuit and all claims relating to Clark's employment with or separation from AIRES.

I. **RECITALS**

A. Clark was employed by AIRES until July 28, 2010, and has since filed the instant lawsuit against AIRES alleging it did not pay her overtime or otherwise failed to comply with the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq.

B. AIRES denies Clark was entitled to statutory overtime or that it violated the FLSA or committed any act or conduct toward Clark that would entitle her to any damages relating to her employment with or discharge from AIRES.

C. There are bona fide factual and legal disputes regarding Clark's claims including, but not necessarily limited to, whether she was properly classified under the FLSA, whether she worked the overtime hours claimed, and whether she would be entitled to any damages even if she could recover on her underlying FLSA claims.

D. The parties desire to resolve these matters without the time, expense, and uncertainty of further litigation and to avoid further proceedings with respect to these

QB\132710.00005\13367023.2

matters or any other claims Clark may have against AIRES and to finally, fully, and completely settle them in their entirety as set forth in this Agreement.

E. AIRES conduct of entering into this Agreement or any actions that it takes in compliance with its terms shall not be construed an admission of wrongdoing or that it has committed any act that would entitle Clark or any other employee to any damages whatsoever.

## II. SETTLEMENT TERMS

A. This Agreement shall not be construed to render Clark a "prevailing party" within the meaning of the FLSA or any other statute providing for allowance of attorneys' fees or costs, nor shall it be deemed to constitute a factor supporting the award of attorneys' fees or costs under such statutes.

B. In exchange for Clark's promises in Paragraph II.C., and for such other consideration as provided in this Agreement, following execution of this Agreement and its return to AIRES and upon the Court's approval of this Agreement and an entry of an Order of Dismissal With Prejudice, and following the expiration of the revocation period under this Agreement, AIRES agrees:

1. To pay to Clark, within twenty (20) business days thereafter, the total of Three Thousand Six Hundred Thirty Two and 85/100 Dollars ($3,632.85), which amount shall be paid in two checks: (1) one made payable to Clark in the amount of Three Thousand Six Hundred Thirty Two and 85/100 Dollars ($3,632.85), less applicable employment withholdings and deductions, which shall be attributed to Clark's claims for unpaid overtime wages and which shall be reported on an IRS W-2 form; and (2) one check made payable to Chris Piekarski of Piekarski & Brelsford, P.C. in the amount of Three Thousand and 00/100 Dollars ($3,000.00), which sum shall be attributed to Clark's attorneys' fees and costs.

2. To instruct those managers with knowledge of the terms of this Agreement to limit disclosure of the terms consistent with business necessity.

C. In exchange for AIRES's promises in Paragraph II.B. of this Agreement, and for such other consideration as provided in this Agreement, Clark:

1. On behalf of herself, her heirs and assigns, agrees to release AIRES and its parents, affiliates, subsidiaries and related entities, and all of their officers, directors, agents, employees, attorneys, successors and assigns ("Released Entities") from (and agrees not to sue for) any and all claims, demands, damages, or causes of action whatsoever that Clark has, had, now may have, or might have been able to assert or claim, based on any act, omission or conduct of any kind on the part of the Released Entities from the inception of the relationship between Clark and AIRES up to the date this

Agreement is fully executed by all parties, including without limitation any claims for violation of the FLSA 42 U.S.C. §§ 201 et seq., or discrimination or retaliation in employment under applicable federal, state or local laws or regulations (including without limitation any claim under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; the Americans with Disabilities Act of 1990, as amended, 29 U.S.C. § 12101 et seq.; the Civil Rights Act of 1991; the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq.; the Arizona Civil Rights Act, A.R.S. §§ 41-1401 et seq.; the Family and Medical Leave Act 29 U.SC. §§ 2601 et seq.; Arizona Employment Protection Act, A.R.S. §§ 23-1501 et seq. the Arizona Wage Statute, A.R.S. §§ 23-301 et seq.; or any other law relating to employment matters or prohibiting employment discrimination), breach of express or implied contract, failure to pay wages, benefits, severance, or any compensation of any sort, wrongful or unlawful discharge, defamation, or any tort, common law, or statutory claims in any way arising directly or indirectly out of Clark's employment with and discharge from AIRES, or her relationship with the Released Entities, whether such claims are known or unknown at the time Clark signs this Agreement.

        2.      Acknowledges that the total amount provided in subparagraph B.1 is a compromise settlement payment for wages (including but not limited to overtime payments), expenses, costs, attorneys' fees, compensatory damages, punitive damages, liquidated damages, and any and all damages alleged to have been sustained by Clark including, but not limited to, damages for alleged emotional and physical injuries and future damages allegedly arising from the continuation of the effects of any past action, omission, or event, and for waiver of Clark's present and future employment or reinstatement rights. Any taxes due on the payments provided in subparagraph B.1 will not provide a basis to set aside or in any way alter this Agreement. It is further understood that none of the total amount payable under subparagraph B.1 shall be taken into account as compensation under any AIRES welfare, pension, profit sharing, or similar program that bases benefits in whole or in part on compensation received from AIRES.

        3.      Agrees to immediately request dismissal with prejudice and without costs of any and all charges or complaints she has filed with any state or federal court or agency, including but not limited to the captioned lawsuit, and agrees that she will sign and/or authorize her attorneys to sign any and all other documents necessary to accomplish such dismissals.

        4.      Agrees that she will not, except as specifically noted in this subparagraph, make known the negotiations leading to and contents or terms of this Agreement (meaning that such information may not be published, displayed, discussed, disclosed, revealed or characterized, directly or indirectly, in any way to anyone) except to her spouse, counsel or tax advisor or except as required by law or as may be necessary in order to enforce this Agreement. Clark shall take all reasonable steps to ensure that her

spouse, counsel, and tax advisor comply with this Confidentiality provision. Clark understands her agreement not to disclose the existence of this Agreement or its essential terms is a material term and that any breach of this term will result in a breach of this Agreement and require Clark to repay the monies paid to her in Paragraph B.1 of this Agreement.

5. Agrees to never apply for or seek reinstatement, employment, or an assignment through any employment or temporary placement agency with AIRES or its parents, affiliates, subsidiaries, or related entities at any time.

D. Clark acknowledges that:

1. She has read this Agreement and understands its contents and agrees to its terms and conditions freely and voluntarily;

2. She does not rely on any statements or representations by the Released Entities other than those explicitly set forth herein;

3. She is hereby being advised in writing to and has consulted with her attorney(s) at Piekarski & Brelsford, P.C., before signing this Agreement;

4. She waives her claims and rights only in exchange for the valuable consideration offered in Paragraph II.B.1, which is in addition to anything of value to which she may be entitled.

5. She understands that she has at least twenty-one (21) days following her receipt of this Agreement to decide whether to sign in the space provided below and that she may choose to waive such time period;

6. She understands that she may within seven (7) days following the date she signs this Agreement, cancel and terminate it by giving **written notice of her** intention to revoke the Agreement to AIRES counsel Dawn C. Valdivia, Quarles & Brady, LLP, One Renaissance Square, Two North Central Avenue, Phoenix, Arizona 85004-2391, facsimile 602-229-5690, email: dawn.valdivia@quarles.com. Clark's revocation shall be effected only if Clark notifies Ms. Valdivia **in writing** before 5 p.m. on the seventh day revocation period;

7. She understands that this Agreement includes a final general release, including a release of any claim of age discrimination under the Age Discrimination in Employment Act, U.S.C. 29 § 621 et seq., and that she can make no further claims against the Released Entities having any connection with the events covered in this Agreement;

8. She does not waive claims against the Released Entities that arise after the Agreement is executed.

E.  Clark understands and agrees that any breach by her of the foregoing covenants shall entitle AIRES (or any of the Released Entities) to bring an action for failure to comply with the terms of this Agreement and that, upon prevailing in such action, AIRES (or any of the non-breaching Released Entities) shall be entitled to remedies at law and in equity in order to obtain complete relief including, but not limited to, its attorney fees and costs.

F.  Nothing in this Agreement shall be construed to limit, impede, or impair the right of any party to communicate with government agencies regarding matters that are within the jurisdiction of such agencies.

G.  Should any portion of this Agreement be held invalid or unenforceable, such holding shall not affect the validity of the remainder of this Agreement.

H.  This Agreement constitutes the complete understanding between the Released Entities and Clark. No other promises or agreements shall be binding unless in a writing signed by these parties.

5/25/11  
DATE          MONIQUE CLARK

5/24/11  
DATE          Attorney Christopher Piekarski

AIRES, LLC  
5/24/11  
DATE  By: _____  
         Will Briggs