|   |   |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Monique Clark, an unmarried woman, | ) No. CV 11-0183-PHX-JAT |
|---|---|
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| AIRES, LLC, an Arizona corporation duly licensed to do business in the State of Arizona, | ) |
| Defendant. | ) |

Pending before the Court is the parties' Joint Motion for Approval of Settlement and Stipulation for Dismissal with Prejudice.  (Doc. # 19.)

In the context of suits brought directly by employees against their employer to recover back wages for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the parties must present any proposed settlement to the district court, and the Court may enter a stipulated judgment after scrutinizing the settlement for fairness.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing 29 U.S.C. § 216); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945) (requiring the approval of the court or Department of Labor for FLSA settlements, and explaining the deferential standard for judicial review when the parties are represented by counsel).

Because this case has been brought under FLSA for to recover back wages, the parties

1  seek judicial approval of the settlement prior to entering judgment in this action. The parties
2  have attached the proposed settlement agreement to the joint motion. (Dkt. 19-1, Ex. A.)
3  The Court may approve the settlement if it reflects a "reasonable compromise over issues."
4  *Lynn's*, 679 F.2d at 1354.

5  The Court has reviewed the complaint, the parties' joint motion, and the terms of the
6  proposed settlement agreement, and finds that the settlement reflects a fair and reasonable
7  resolution of the issues. Defendant strongly contested liability under the FLSA by arguing
8  that Plaintiff was not entitled to overtime. The parties had a bona fide dispute as to whether
9  Plaintiff was properly classified under the FLSA, whether Plaintiff actually worked the
10 overtime hours claimed, and whether Plaintiff was entitled to damages relating to her
11 employment with or discharge from Defendant. The proposed settlement agreement does not
12 appear to be the product of collusion between the parties, nor does it appear to be the result
13 of fraud or overreaching on the part of Defendant. The Court concludes that the proposed
14 settlement agreement should be approved as a fair and reasonable compromise of a bona fide
15 dispute under the FLSA.

16 Accordingly,

17 **IT IS HEREBY ORDERED** that the Joint Motion for Approval of Settlement and
18 Stipulation for Dismissal with Prejudice (Dkt. 19) is **GRANTED**. The settlement agreement
19 (Dkt. 19-1, Ex. A) is approved, and the Clerk of the Court is directed to dismiss this case
20 with prejudice.

21 **IT IS FURTHER ORDERED** that the Joint Motion for Approval of Settlement and
22 Stipulation for Dismissal with Prejudice (Dkt. 17) is **DENIED** as moot.

23 DATED this 29th day of June, 2011.

James A. Teilborg
United States District Judge